Mr. Justice Pit ay
delivered the opinion of the court.
This is an appeal from the superior court of chancery.
The bill prayed for a new trial in an action brought by the appellant against the above named appellee, in the circuit court of the county of Hinds, upon the ground of newly discovered evidence.
The affidavit of the appellant which was read in the court of law, to sustain a motion for a new trial, and which is appended to the bill in this case, as exhibit B, states, that from information, which the affirmant had there for the first, time received, he verily believes, that one Isam Choat has declared and will, if called on, to testify, &c.
The bill also states, that since the trial at law, the appellant has seen the said Isam Choat, and he assured him that the matters stated in exhibit B, as proveable by him, would be sustained by him when called on.
The proceedings at law were enjoined, and a motion was made in the court below to dissolve the injunction and dismiss the bill *773 for want of equity on its face. The motion to dissolve was sustained, upon which the appeal was prayed and allowed.
It is incumbent on a party who applies for a new trial, on the ground of newly discovered evidence, to satisfy the court; First, That the evidence has come to his knowledge since the trial; Secondly, That it was not,owing to the want of due diligence that it did not come sooner; Thirdly, That it would probably produce a different verdict if a new trial were granted.
Iu this case there is no sufficient showing, that any evidence has been discovered since the trial. The affidavit, as set forth in exhibit B, is fatally defective. It is not enough to show, “ from information,” to what a particular individual will testify, or that such individual assured the party to what he would testify. Pie must produce the affidavit of the witness from whom such evidence is to come, setting forth the facts, or show that such affidavit could not be obtained.
There are no affidavits of the witness in this case, and the only reason assigned for their non-production is, that the party was ignorant of their importance in this case. We deem this reason altogether insufficient, as it could always be assigned, and never controverted. The facts, therefore, which the appellant expects to prove, for aught that appears, rests entirely on his own credibility. To listen to applications of this kind, upon such grounds, would be to grant new trials whenever the party was dissatisfied with the verdict.'
And even the testimony allowed to have been discovered is, at most, but cumulative proof of the facts, attempted to be proved in the court of law; and, therefore, according to the well established law upon this subject, is insufficient to sustain an order for a new trial.
The order of the chancellor, therefore, dissolving the injunction, must be affirmed, and the bill dismissed, with costs.